IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY CROCKETT | ) |
| | ) |
| v. | ) NO: 3:20-00199 |
| | ) |
| DCSO MEDICAL DEPARTMENT, et al. | ) |

**TO:    Honorable Eli J. Richardson, District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered September 8, 2020 (Docket Entry No. 8), this *pro se* and *in forma pauperis* prisoner civil rights action was referred to the Magistrate Judge for further pretrial proceedings.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 13) filed by Defendants Chadwick Myatt and Milton Skelton. Plaintiff has not responded to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be granted in part.

## I.    BACKGROUND

Corey Crockett ("Plaintiff") is an inmate at the Metro-Davidson County Detention Facility ("Detention Facility"). He filed this *pro se* case on March 6, 2020, against several defendants under 42 U.S.C. § 1983, alleging claims that his constitutional rights were violated at the Detention Facility. *See* Complaint (Docket Entry No. 1). Upon initial screening of the complaint under 28 U.S.C. §§1915A and 1915e(2), the Court granted Plaintiff's application to proceed *in forma pauperis*, permitting him to file the lawsuit without prepayment of the full filing fee, and found

that Plaintiff had stated a non-frivolous First Amendment claim against two defendants – Correctional Sgt. Chadwick Myatt and Correctional Officer Milton Skelton (hereinafter referred to collectively as "Defendants") – based on allegations that Defendants had destroyed Plaintiff's personal property in retaliation for prison grievances filed by Plaintiff. *See* Order (Docket Entry No. 7) and Memorandum (Docket Entry No. 8) entered September 8, 2020.

In lieu of an answer, Defendants filed the pending motion to dismiss. Defendants assert that, prior to the instant case being filed by Plaintiff as an *in forma pauperis* action, Plaintiff had at least three other civil cases that were dismissed by the Court upon initial review for failure to state a claim upon which relief can be granted. Defendants argue that Plaintiff therefore has "three strikes" and is not eligible under 28 U.S.C. §1915(g) to proceed in the instant case as an *in forma pauperis* plaintiff. Accordingly, Defendants request that the case be dismissed or, in the alternative, that Plaintiff be required to pay the full filing fee in order for the lawsuit to continue. *See* Defendants' Memorandum in Support (Docket Entry No. 14). Plaintiff has not responded to Defendants' motion.

## II. ANALYSIS

Under what is commonly referred to as the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner may not file a civil action *in forma pauperis* in district court if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). *See Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (upholding the constitutionality of Section 1915(g)'s "three

strikes" provision). The Supreme Court has recently clarified that the dismissal of a lawsuit for failure to state a claim upon which relief can be granted qualifies as a "strike" even if the dismissal was made without prejudice. *Lomax v. Ortiz-Marquez*, ___U.S.___, 140 S.Ct. 1721, 207 L.Ed.2d 132 (2020).

Defendants correctly point out that, prior to the instant lawsuit being filed, Plaintiff had filed two lawsuits in this Court that are clearly disqualifying strikes under Section 1915(g) because they were dismissed for failure to state a claim upon which relief can be granted. *See Crockett v. Davidson County Sheriff's Department, et al*, No. 3:19-cv-00545 (dismissed October 20, 2019), and *Crockett v. Allegra Walker*, No. 3:19-cv-00620 (dismissed September 3, 2019). The third lawsuit relied upon by Defendants for their argument is *Crockett v. Clifton, et al.*, No. 3:19-cv-01144 (dismissed February 14, 2020) ("*Clifton*"). Whether this lawsuit qualifies as the third strike is not so obviously clear, but, in the end, the Court finds that it does qualify as a strike. It is neither unjust to Plaintiff nor inconsistent with the purpose of Section 1915(g) to reach such a conclusion.

The *pro se* complaint filed by Plaintiff in *Clifton* included three unrelated claims against several unrelated parties. Upon the Court's initial review, the Court granted Plaintiff *in forma pauperis* status but determined that, although Plaintiff's misjoinder of claims and parties was not grounds for dismissal of the complaint, the complaint could not go forward in its original form and directed Plaintiff to file an amended complaint that did not join unrelated claims against unrelated parties. *See* Order entered January 9, 2020 (Docket Entry No. 4) in *Clifton*. When Plaintiff failed to file the amended complaint, the Court, pursuant to Rule 21 of the Federal Rules of Civil Procedure, dropped all defendants and claims from the lawsuit other than the claim brought against the first named defendant – Jay Clifton. *See* Memorandum Opinion and Order entered

3

February 14, 2020 (Docket Entry No. 5) in *Clifton*. The Court dismissed the misjoined defendants "without prejudice to Plaintiff's ability to file separate lawsuits against them if he so chooses" and then dismissed the claim against Clifton for failure to state a claim upon which relief can be granted. *Id*.

The dismissal of the claim against Clifton for failure to state a claim would clearly be a strike under Section 1915(g) if Plaintiff's original complaint contained only this claim or if the amended complaint, which he had been ordered to file but did not, had clarified that he was pursuing only this claim. *Lomax*, *supra*. A question about the disqualifying impact of the dismissal in *Clifton* arises only because Plaintiff initially misjoined claims and defendants in his complaint and failed to correct the misjoinder through an amended complaint. Because the Court could not, under Rule 21, dismiss the case because of the misjoinder, the Court was required to either drop and dismiss the misjoined defendants or sever the misjoined claims from *Clifton* and open them as new and separate cases. The Court, within its discretion, chose the former.

The Sixth Circuit has suggested in *dicta* that a disqualifying strike may not arise if a court dismisses a complaint or any of its claims by "some other procedural mechanism." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (*quoting Thompson v. DEA*, 492 F.3d 428, 438 (D.C. Cir. 2007). However, the Court does not view the scenario in *Clifton* as a procedural circumstance that does not implicate a disqualifying strike under Section 1915(g). Upon the dropping and dismissal of the misjoined parties in *Clifton*, the Court was left with the single claim against Defendant Clifton, a claim that failed to state a claim upon which relief could be granted and that required the dismissal of the case. Had the Court instead severed the misjoined claims and defendants into separate cases, the *Clifton* case would have been in the same posture and would have concluded with the same result, namely, dismissal of the case for failure to state a claim upon

4

which relief could be granted. While the merits of the misjoined claims were not reached in *Clifton*, dropping them from the case without prejudice instead of severing them should not result in the consequence that the dismissal of the actual claim considered in *Clifton* is viewed any differently in terms of the interplay of Section 1915(g) with the dismissal of the case than if the misjoined claims had been severed.

A prisoner seeking to file a lawsuit pursuant to 28 U.S.C. §1915 should not be able to essentially exclude his case from being considered as a disqualifying strike under Section 1915(g) merely by including in his complaint, whether intentionally or unintentionally, misjoined claims or defendants that must either be dropped and dismissed or severed from his lawsuit. *See Diemond v. Michigan Dep't of Corr.*, 2018 WL 1150023 at *8 n.1 (W.D. Mich. Mar. 5, 2018), *aff'd*, 2018 WL 7890769 (6th Cir. Oct. 31, 2018) ("Where, as here, a set of claims and Defendants have been improperly joined to meritless claims, arguably in an attempt to avoid the action being counted as a strike, the dismissal should be counted as a strike under § 1915(g)."). Permitting a prisoner plaintiff to proceed in such a manner creates an anomaly that runs counter to Section 1915(g)'s purpose of limiting meritless litigation initiated by prisoners proceeding with the benefit of *in forma pauperis* status. The Court therefore finds that the dismissal in *Clifton* for failure to state a claim upon which relief can be granted counts as a disqualifying strike under Section 1915(g).

With three prior cases that qualify as strikes under Section 1915(g), Plaintiff may continue to proceed *in forma pauperis* in the instant case only if he is in "imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To fall within this statutory exception to the "three-strikes" rule, the danger Plaintiff is facing must be a "real and proximate" threat of serious physical injury that existed at the time the complaint was filed. *Rittner v. Kinder*, 290 Fed.App'x

5

796, 797 (6th Cir. 2008) (*citing, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). Under this standard, Plaintiff must "allege[ ] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger" when he filed the complaint. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted). There is nothing alleged in Plaintiff's complaint, *see* Memorandum Opinion at 3-10, that satisfies the "imminent danger of serious physical injury" standard.

Accordingly, Plaintiff's permission to proceed in this case *in forma pauperis* should be nullified.[1] To continue to litigate the case, Plaintiff should be required to remit the remainder of the full filing fee to the Clerk of Court within a time period set by the Court. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002). A failure by Plaintiff to pay the remainder of the full filing fee should result in the dismissal of the case.

### RECOMMENDATION

For the foregoing reasons, it is respectfully RECOMMENDED that the motion to dismiss (Docket Entry No. 13) filed by Defendants Chadwick Myatt and Milton Skelton be GRANTED in part to the extent that Defendants request that Plaintiff's continued pursuit of this case be conditioned upon his payment of the full filing fee by a date certain because he is disqualified by

---

[1] A court may reconsider the issue of whether the three strikes provision applies even after an earlier grant of *in forma pauperis* status has been made by the court. *See Elohim v. Michigan Dep't of Corrections*, 166 F.3d 1213, 1998 WL 887257 (6th Cir. 1998); *Anderson v. Toledo Corr. Ctr. Med. Dep't*, 2016 WL 109805, at *2 (S.D.Ohio Jan. 11, 2016); *Simpson v. Correctional Medical Services, Inc.,* 2009 WL 2920789 (W.D.Mich. September 10, 2009); *Reeves v. Wilkinson*, No. 06-10326, 2007 WL 3037705 at *5 (E.D.Mich. Oct. 17, 2007).

28 U.S.C. §1915(g) from proceeding *in forma pauperis*. Further, it is additionally RECOMMENDED that if Plaintiff fails to pay the remainder of the full filing fee as directed, this case be dismissed.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                                                  Respectfully submitted,

                                                  BARBARA D. HOLMES
                                                  United States Magistrate Judge